Leo Báiz, Plaintiff and Appellant, *v.* Insular Racing Commission of Puerto Rico et al., Defendants and Appellees.

No. 8805. Argued March 7, 1944.—Decided April 26, 1944.

464

*Rafael Cuevas Zequeira* for appellant. *Diego O. Marrero,* for appellee Racing Commission. *M. Rodríguez Ramos, Acting Attorney General,* and *Carmen B. Hernández* and *J. Rivera Barreras, Deputy Attorneys General,* for appellee Auditor of Puerto Rico.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The only question involved in this case is whether §177 of the Political Code and paragraph 13 of §34 of the Organic Act forbid that the plaintiff receive compensation for services rendered as veterinarian of the Insular Racing Commission during the period in which said plaintiff was an employee, of the Department of Health of Puerto Rico. In a suit for a declaratory judgment the lower court held that plaintiff had no right to receive said compensation, supporting its ruling on the basis of (*a*) the doctrine established in the case of *López* v. *Martorell,* 59 F. (2d) 176, and (*b*) on the fact that the Insular Racing Commission is one of the bodies to which the above-cited §177 of the Political Code, as amended by Act No. 124 of August 8, 1913 (Laws of 1913–14, p. 43)[1] makes reference.

---

[1] "No officer or employee regularly employed in the service of the Insular Government, or of any municipality or dependency thereof, whose salary, pay or emoluments are fixed according to law, shall receive any additional pay, extra-allowance or compensation from the Insular Government, *or from any municipality or dependency thereof, in any form whatever,* for any personal or official service whatever, though rendered in addition to the ordinary duties of such officer or employee, unless such additional pay, extra-allowance or compensation be expressly authorized by law and the appropriation therefor explicitly states that it is for such additional pay, extra-allowance or compensation; *Pro-*

Appellant's chief argument to the effect that the Insular Racing Commission is not an organism dependent of the government because its funds are derived from the bets which are made at the race tracks is without merit. The phrase *"que dependa del gobierno"* as used in §177 of the Political Code does not necessarily mean that the board, commission, or organism be financially dependent on the Insular Government for its functioning. The true scope and meaning of that phrase is found in the English text of the statute which merely says *"dependency thereof."* That is to say, the prohibition includes any regular officer or employee of the Insular Government whose salary is fixed by law—as in the case of appellant who held the office of Health Inspector—who may seek to receive any additional pay or compensation for any personal or official service whatsoever from any board, commission, or organism which is also a *dependency* of the Insular Government. We entertain no doubt that the Insular Racing Commission is a dependency of the Insular Government, inasmuch as it owes its existence to an act of the legislature [2] by virtue of which its members are appointed by the Governor with the advice and consent of the Senate of Puerto Rico; it must adopt and use an official seal of which the courts take judicial notice; its income is covered into the Insular Treasury and kept in a special fund, and all the functions thereof are regulated by said act.

---

*vided, however,* That nothing herein contained shall be applicable to physicians and *practicantes* rendering services in district jails and sanitary and charitable institutions of The People of Porto Rico, who shall be entitled to receive additional compensation for such services in an amount not exceeding as regards physicians fifty (50) per cent of the main salary which they may be receiving as employees of The People of Porto Rico, or of any municipality of the Island; and, *Provided, further,* That nothing herein contained shall be deemed to affect or modify any provisions of existing laws wherein the enforcement of the said §177 is directed, either wholly or in part, to be suspended." (Italics ours.).

[2] Act No. 11 of April 18, 1932 (Laws of 1931–32, p. 194), subsequently amended several times, its last amendment being effected by Act No. 184 of May 14, 1941 (Laws of 1941, p. 1386).

■ The funds of the Racing Commision are made up of 5 per cent of the 30 per cent discounts which may be made in the race tracks from the gross bets "in the subscription funds, pools, 'mutuels' and in any other system of betting created and regulated by the rules of the Insular Racing Commission." (§29 Act of 1941). The income thus obtained is invested or spent, not as the Racing Commission may determine and wish, but in the manner expressly provided by the Legislature in §31 of the Act.[3] A mere reading of this Section shows that although the funds of the Racing Commission are derived from the bets placed in the race tracks, said body, as a dependency of the government, may invest them only for the purposes expressly specified by the Legislature, and in certain cases it even needs the approval of the Governor of Puerto Rico. Such being the case, said funds may not be considered, as appellant urges, as private

---

[3] "Section 31.—The Insular Racing Commission shall dispose of not more than eighty (80) per cent of said receipts for the payment of its per diems or salaries, as well as for those of its officials and employees, and its regular expenses, and to contribute towards increasing the purses in cup races and to award prizes to jockeys, trainers, horse owners, and horse breeders in the form and when said Commission deems advisable for the interests of the sport of racing and for the improvement of the breed of horses in Puerto Rico. Not less than the remaining twenty (20) per cent shall be distributed as follows: Seventy (70) per cent to be distributed proportionally among the municipalities for expenditure for the support of the school lunchrooms in the urban zone, and 'The balance of thirty (30) per cent to be distributed among the charitable institutions which are not supported by the State, in such amounts as said commission shall determine, with the approval of the Governor of Puerto Rico; Provided, That the percentage designated above for school lunchrooms is hereby allotted to the funds of the Insular Racing Commission for one year beginning July 1, 1941, in order to make up the deficit of said commission as it may appear on the said date; And it being understood, That at the expiration of said year, that is, beginning with July 1, 1942, said per cent assigned to the school lunchrooms shall be distributed to them in the manner formerly provided by this Act; Provided, further, That the Insular Racing Commission, from its other income, shall appropriate in the budget which is to be in force for the fiscal year 1941–42, the additional sums necessary to cover said deficit; And provided, further, That the Insular Racing Commission shall annually appropriate in its budget a sum of not less than $1,000 to create a reserve fund, up to the sum of $15,000, and which fund can be drawn against only with the approval of the Governor of Puerto Rico."

funds of the Racing Commission to the inversion of which the prohibition contained in §177 of the Political Code, *supra,* and the provision of paragraph 13 of §34 of the Organic Act to the effect that no law "will permit any officer or employee to receive compensation for more than one office or employment," may not be applied. In the case of *López v. Martorell, supra,* it was held that this prohibition of the Organic Act was applicable even to those cases in which the offices are compatible—as appellant contends that his two offices were.

■ The fact that the Legislature in the year 1943 approved a law [4] amending §15 of the Racing Law to the effect that the payment of professional fees to a veterinarian appointed by the Insular Racing Commission, when said veterinarian likewise renders services to the Government of Puerto Rico, will not be subject to the prohibition contained in §177 of the Political Code, tends to demonstrate that the Legislature considered that said amendment was necessary to exclude a case like the one now before us from the effects of said prohibition. Assuming, without deciding, that said amendment is valid notwithstanding the prohibition contained in § 34 of the Organic Act it is obvious that said amendment may not be made retroactive to cover appellant's case, because the Legislature did not provide it expressly. Section 3 Civil Code.

The judgment appealed from must be affirmed.

---

[4] Act No. 85 of May 12, 1943 (Laws of 1943, p. 198).